Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

WILLIAM LOFTUS, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

INTERNATIONAL CONFERENCE MANAGEMENT INC. d/b/a AUSTIN ICM INC., and DOES 1 through 10, inclusive, and each of them,

Defendant.

Case No.

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF:**

1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]
2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]

**DEMAND FOR JURY TRIAL**

Plaintiff WILLIAM LOFTUS ("Plaintiff"), individually and on behalf of all

CLASS ACTION COMPLAINT

- 1 -

others similarly situated, allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of INTERNATIONAL CONFERENCE MANAGEMENT INC. d/b/a AUSTIN ICM INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1331* because Plaintiff's claims arise under a law of the United States, the TCPA.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. 1391(b)* because a substantial portion of the events giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff WILLIAM LOFTUS is a natural person residing in Thousand Oaks, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant INTERNATIONAL CONFERENCE MANAGEMENT INC. d/b/a AUSTIN ICM INC. ("Defendant") is a Delaware corporation in the business of producing conventions and trade shows, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible

for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. On or about December 19, 2019, Defendant contacted Plaintiff on his cellular telephone number ending in -8898, in an attempt to solicit Plaintiff to purchase Defendant's services.

9. Defendant contacted or attempted to contact Plaintiff from telephone number (512) 249-5303.

10. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

11. Defendant's call constituted a call that was not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. The telephone number that Defendant, or their agent, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and messages pursuant to *47 U.S.C. § 227 (b)(1)*.

13. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephones pursuant to *47 U.S.C. § 227(b)(1)(A)*.

14. The telephone call by Defendant, or its agents, violated *47 U.S.C. § 227(b)(1)*.

## CLASS ALLEGATIONS

15. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class ("The Class"). The Class is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint through the date of class certification.

16. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who received any solicitation telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint through the date of class certification.

17. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of the matter.

18. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class

members may be ascertained by the records maintained by Defendant.

19. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and The Class members via their cellular telephones thereby causing Plaintiff and The Class members to incur certain charges or reduced telephone time for which Plaintiff and The Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and The Class members.

20. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between The Class members, and which may be determined without reference to the individual circumstances of any members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a member of The Class using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and The Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

21. As a person that received a telemarketing/solicitation call from Defendant using an automatic telephone dialing system or an artificial or

prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

22. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

23. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all The Class members is impracticable. Even if every member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of The Class.

24. The prosecution of separate actions by individual members of The Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members not parties to such adjudications or that would substantially impair or impede the ability of such non-party members to protect their interests.

25. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

///
///
///
///

# FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b).

## On Behalf of The Class

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

28. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and The Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

29. Plaintiff and The Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

## On Behalf of The Class

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

32. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and The Class members are entitled to an award of

$1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

33. Plaintiff and The Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and The Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and The Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

34. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

CLASS ACTION COMPLAINT

Respectfully Submitted this 8th Day of January, 2021.

          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

          By:  /s/ Todd M. Friedman
                Todd M. Friedman
                Law Offices of Todd M. Friedman
                Attorney for Plaintiff